(Nos. 23560, 23561.—

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee, *vs.* SAMUEL J. RICHMAN *et al.* Appellants.—THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee, *vs.* BESSIE RICHMAN *et al.* Appellants.

*Opinion filed June 17, 1936—Rehearing denied October 7, 1936.*

STONE, J., specially concurring.

SIMS & STRANSKY, (FRANKLIN J. STRANSKY, and PAUL M. MITCHELL, of counsel,) for appellants.

HOYNE, O'CONNOR & RUBINKAM, and GEORGE GIL-LETTE, (NATHANIEL RUBINKAM, NORBERT B. TYRRELL, and WILLIAM C. MACLEAN, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This consolidated cause involves appeals from two fore-closure actions—one in the superior court and the other in the circuit court of Cook county. The total amount involved in the consolidated case is $282,689.96, being the total of two mortgage loans made by the appellee (which will hereinafter be called the Prudential Company) to the defendants.

There is no substantial controversy as to the facts. It is not disputed that the Prudential Company made the loans nor that the defendants received the money, one of which loans was in the principal sum of $150,000 and the other $85,000. Neither is there any disagreement between the parties as to the sole ground upon which the appeal is prosecuted directly to this court rather than to the Appellate Court. In the words of the appellants' brief, it is claimed "that the loans of money * * * were *ultra vires* the appellee and that said notes and mortgages are void and unenforcible because *inter alia,* the investment powers of the appellee enumerated in its special charter are limited to investments in stocks of certain States and also in bonds secured by mortgages on real estate located only within the State of New Jersey and not elsewhere." In support of this premise it is contended that certain acts of the legislature of New Jersey are void under the constitution of that State, and the alleged unconstitutionality of these acts is the sole reason assigned for a direct appeal to this court

and the only ground upon which it is contended that we have jurisdiction of this appeal.

It appears from the record that what is now the Prudential Company was originally organized under the provisions of a special act of the legislature of New Jersey approved April 3, 1873. Its original name was "Widows' and Orphans' Friendly Society." Under its original charter, and amendments enacted soon thereafter, the company was authorized to invest its funds in bonds or public stocks issued or created by the United States, New Jersey, New York, Massachusetts or Connecticut and to invest in bonds secured by mortgages on unencumbered real estate in New Jersey worth double the amount loaned. This, it will be noted, was a grant, but not any specific restriction, of power, and was by special rather than general legislation. Later, by general legislation in 1896, and again in 1902 and 1925, the legislature of New Jersey provided, in substance, that any insurance company existing by virtue of the laws of that State might invest, *inter alia,* in bonds or notes secured by mortgages or trust deeds on unencumbered real estate located anywhere in the United States.

It is appellants' contention that if it be held that the general laws above mentioned apply to and enlarge the charter of the Prudential Company, they are then void under the constitutions of the United States and New Jersey. Section 7 of article 4 of the constitution of New Jersey, prohibiting any law impairing the obligation of contract, which is practically identical with section 10 of article 1 of the Federal constitution, is relied upon, as is also paragraph 4 of section 7 of article 4 of the constitution of New Jersey, which restricts every law to one object to be expressed in its title, prohibits the amendment of any law by reference to its title only, prohibits any general law from embracing any provision of a special law, and which provides that no act shall be passed which shall include any existing law except by inserting it therein.

Our first consideration must necessarily be directed to the jurisdiction of this court, and in this particular case that inquiry may be limited by determining whether or not the point above set forth is material. The result of this litigation, so far as that particular point is concerned, must be the same whether the New Jersey laws are or are not valid under the constitution of that State.

Even if the charter of the Prudential Company should be considered in its original words as a limitation of power, it was a limitation for the benefit of stockholders and policy-holders—not intended for the benefit of persons indebted to that company and not involving the public interest. As this court said in *Nelson & Co.* v. *Leiter,* 190 Ill. 414: "The purpose of the enactment is to protect the interests of depositors and stockholders. There is no express declaration in the section that loans in excess of the statutory limitation shall not be collectible, and to so construe the section would be to defeat the very purpose which prompted the adoption of the section." In that case it was pointed out that the Supreme Court of the United States, in *Gold Mining Co.* v. *National Bank,* 96 U. S. 640, had given a similar construction to a similar section of the National Banking act, and had said that "a defendant sued by a National bank for moneys it loaned him cannot set up as a bar that they exceeded in amount one-tenth part of its capital stock actually paid in." In *National Bank* v. *Matthews,* 98 U. S. 621, it was held that a real estate mortgage purchased and owned by a National bank in contravention of the powers regulating the investments of such banks might nevertheless be enforced.

Authorities to the same effect might be multiplied without purpose, but the same principle will be found running through all of them. It will be found that one who has received the full benefit of his contract with a corporation cannot defend upon the ground of *ultra vires* unless the enforcement of the contract is directly prohibited by some

positive rule of law or runs counter to good morals or established public policy. In the case at bar we are of the opinion that the constitutional question sought to be raised is immaterial; that no matter which way it might be decided—even if we should assume the power to pass upon it—the result must be the same so far as the defendants are concerned.

Inasmuch as there is no constitutional question necessarily involved the appeal was improperly taken to this court, and the cause will be transferred to the Appellate Court for the First District. *Cause transferred.*

Mr. JUSTICE STONE, specially concurring:

I concur in the conclusion reached but not in the opinion in so far as it decides, as I believe it does, certain questions pertaining to the merits of the case. The cause is transferred for want of jurisdiction of it. It follows that this court has no power to pass on the merits.