## Highway Mutual Casualty Company, Assignee, Appellee, v. Roscoe Stern, Trading as Invader Decorating Service, Appellant.

### Gen. No. 41,056.

Opinion filed October 1, 1940.

NATHAN E. DE VAULT, of Chicago, for appellant.

B. M. STEINER and IRWIN I. BLUMBERG, both of Chicago, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against defendant to recover a balance claimed for workmen's compensation insurance. Defendant denied liability on the ground that the contracts which were the basis of plaintiff's claim were not executed by him, had not been delivered to him and were *ultra vires* the corporation which purported to issue the contracts. There was a trial before the court without a jury, a finding and judgment in plaintiff's favor for $1,292.65 and defendant appeals.

The record discloses that March 2, 1936, the United Employers Corporation "A Workmen's Compensation Safety and Service Company" issued "A Workmen's Compensation Contract" to defendant Roscoe Stern, the employer named in the contract, whereby it agreed to pay the employer "for personal injuries sustained by his employees arising out of and in the course of the employment" for a period of one year. At the termination of this contract a similar one was executed for another year. In the first contract defendant's business was located at 3141 W. Roosevelt road, Chicago, and the second contract that defendant was in business at 2223 S. Millard avenue, Chicago. February 15, 1938, the United Employers Corporation assigned all its right, title and interest arising under the contracts to plaintiff, Highway Mutual Casualty Company of Chicago. The amount defendant was to pay for the insurance was based upon a percentage of his payroll and from time to time defendant's payroll was examined, bills sent to him and he made payments on account, and the corporation made a number of payments for injuries sustained by defendant's employees. The evidence shows that March 12, 1936, and again on March 27, 1937, the Industrial Commission issued its certificates to defendant Stern certifying that he had complied with all terms and provisions of the Workmen's Compensation Act. March 4, 1937, the Industrial Com-

mission wrote Stern advising him that the Commission had been informed that his contract with the United Employers Corporation had expired March 2, 1937, and to advise the Commission immediately whether he intended to comply with the Workmen's Compensation Act. Stern wrote on the bottom of this letter, "Have renewed my policy with same company."

The defense interposed is that the United Employers Corporation was organized under the Illinois Business Corporation Act and that act does not apply to insurance companies and therefore the two contracts are "illegal and ultra vires the corporation."

We do not stop to consider whether United Employers Corporation complied with all the terms of the law in obtaining its charter or in issuing the two contracts involved in the suit. We might say, however, the evidence above referred to shows that what was done by the United company in its dealings with defendant Stern was approved by the Industrial Commission and we think it is far from clear that what was done was not authorized by law. No one connected with the· Industrial Commission, nor anyone else who seems to have been familiar with the organization of companies issuing workmen's compensation insurance and entering into contracts with employers, was called to testify and explain what was done and how the contracts involved were approved by the Commission. We are of opinion that defendant has no defense. *Prudential Ins. Co. v. Richmond*, 364 Ill. 234. In that case it was held that one who had received the full benefit of his contract—an insurance contract—cannot defend on the ground of *ultra vires* unless the enforcement of the contract is directly prohibited by some positive rule of law, good morals or established public policy. The court there, in passing on the validity of an insurance policy said: "It will be found that one who has received the full benefit of his contract with a company cannot defend upon the ground of *ultra vires* unless

the enforcement of the contract is directly prohibited by some positive rule of law or runs counter to good morals or established public policy. In the case at bar we are of the opinion that the constitutional question sought to be raised is immaterial; that no matter which way it might be decided—even if we should assume the power to pass upon it—the result must be the same so far as the defendants are concerned."

In the instant case no law has been pointed out which directly prohibits the issuance of the two contracts in question. The fact that the Business Corporation Act, under which the United Employers Corporation received its charter from the Secretary of State, may not be applicable to insurance companies does not directly prohibit the making of the two contracts of insurance. Defendant has received the full benefit of the two contracts; nothing remains but to pay the balance due. The evidence shows he acknowledged his liability a number of times and made payments from time to time as bills were presented to him. There is no merit in his defense and the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

MATCHETT, J., and McSURELY, J., concur.